UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

John Gerard Cipriano,                              Case No.: 10-40666-wsd
                                                        Chapter 13
               Debtor.                                 Hon. Walter Shapero
_____/

## OPINION REGARDING DEBTOR'S PROPOSED POST-CONFIRMATION PLAN MODIFICATION (DKT. 237)

Nationstar Mortgage LLC ("Creditor") holds an allowed secured claim in the amount of $75,712.99 on Debtor's property at 27508 Edward St., Roseville, Michigan ("the Property"). On September 3, 2010, the Court confirmed Debtor's 60 month Second Amended Chapter 13 Plan (Dkt. 81), which provided that the mortgage on the Property will be "crammed down" and paid as a secured claim in the amount of $30,000.00 over 60 months, with the remainder being treated as an unsecured claim being paid the same 4% dividend as other unsecured claims. The confirmed plan describes Creditor's claim as "(Mortgage, to be assumed)". On July 29, 2015, nearing the end of the confirmed plan, Debtor filed a Proposed Post-Confirmation Plan Modification (Dkt. 237) seeking generally, among other things: (a) to sell the Property to a third party for some $75,000.00; (b) to pay Creditor from the proceeds of the sale the current balance on the crammed-down secured claim of $30,000.00 (now some $16,378.89), thus curing the substantial arrearage on that secured claim and paying it in full; and (c) to pay the unsecured portion of Creditor's claim its share of amounts available to pay all unsecured claims during the remaining term of the plan (separately in the proposed modification, Debtor proposes to reduce the dividend to all unsecured creditors from 4% to 0%). That, together with the receipts from

1

another contemporaneously proposed sale of personal property will be paid over to the Trustee and applied to Debtor's substantial plan delinquency, with the intended ultimate result of Debtor completing the plan and obtaining a discharge. Creditor objected to Debtor's proposed modification, arguing: (a) Debtor's proposed plan modification is outside the scope of permissible modifications enumerated in § 1329(a); (b) applicable Michigan law on "due-on-sale clauses" precludes Debtor's contemplated sale of the Property; (c) the proposed modification would violate the confirmed plan, which contemplates that debtor would retain the Property and assume the mortgage obligations; and (d) Debtor must obtain separate § 363 Court approval for the sale of the Property and is not doing so.

Section 1329(a) provides in relevant part:

> (a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to--
>
>> (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
>>
>> (2) extend or reduce the time for such payments;

It is undisputed that Debtor's proposed modification(s) will (a) effectively pay Creditor the same amount on its secured claim as it is supposed to receive under the confirmed plan; and (b) permit Creditor to be paid on the unsecured portion of its claim (that dividend for all unsecured claims being separately and contemporaneously reduced to 0%). In those respects, Debtor's proposed modification(s) can be functionally considered as being within the language of § 1329(a) because they (1) extend the time for Debtor to make the plan payments to Creditor (i.e. Debtor fell into substantial arrears on the required monthly payments, and now proposes to extend the time to cure those arrears, and to essentially do so by way of a lump sum catch-up payment); and (2) propose to reduce the amount of payments on all unsecured claims. The Court finds that what

2

Debtor now proposes is the functional equivalent and result of what § 1329(a) sets forth, keeping in mind that the statute does not specify or limit the means by which the permitted modification is carried out. Therefore, the Court finds that Debtor's proposed modification is consistent with and does not violate § 1329(a), as Creditor argues, and as such, the need for Debtor to obtain § 363 Court approval is obviated.

Creditor also argues that applicable Michigan law requires that the entire secured debt must be paid upon the sale, pursuant to Michigan law on "due-on-sale clauses." Mich. Comp. Laws § 445.1621(c), cited by Creditor, provides:

> "Due-on-sale clause" means a contract provision which authorizes the lender, at its option, to declare due and payable sums secured by the lender's security instrument if all or any part of the property, or an interest in the property, securing the real property loan is sold or transferred without the lender's prior written consent.

There is such a clause in the subject mortgage. Mich. Comp. Laws § 445.1622 provides in relevant part: "Except for a residential window period loan, a lender may enforce a due-on-sale clause in a real property loan in accordance with the terms of the loan contract." If what Creditor's argument means is that the above-referred secured balance of some $16,378.89 is what needs to be paid on sale, that is exactly what will take place pursuant to what Debtor proposes. If perchance what Creditor's argument means is that what needs to be paid is that sum *plus* the entire remaining unsecured portion of Creditor's claim, that argument is unavailing. Mich. Comp. Laws § 445.1621(c) specifically provides that Creditor may "declare due and payable *sums secured by the lender's security instrument*[.]" (emphasis added). It needs to be kept in mind that what is involved here is a confirmed Chapter 13 plan modification of a crammed down mortgage. In the Court's view, the appropriate and a literal interpretation of that provision is that the "sums secured by the lender's security instrument" is the cramdown secured

3

figure that was equal to the value of the collateral and the basis for the bankruptcy cramdown. In that respect, Debtor's proposed modification, which proposes to pay the entire remaining balance of Creditor's secured claim (i.e. the approximately $16,378.89) more or less contemporaneously with the sale of the Property, is thus consistent with the "due-on-sale clause."

As to Creditor's argument that the proposed modification violates the plan because it would allow Debtor to sell the Property rather than retain it, the Court finds that (a) under the confirmed plan, the property of the estate vested in Debtor, the consequence of which was that he now has his state law property rights, including his rights to sell it; and (b) this situation is not materially different from that involved in the case of *In re Nolan*, 232 F.3d 528 (6th Cir. 2000) (there, the debtor was permitted to modify a confirmed plan as to a crammed down vehicle claim and surrender it to the creditor, but could not alter the total amount of the claim). Here, Debtor is not seeking to alter the amount of Creditor's secured or unsecured claims, but rather is seeking to pay Creditor in full on its secured claim and pay a dividend on the unsecured claim equal to that paid to all other unsecured claims. The fact that the Debtor is disposing of the Property to be able to do so is not prohibited. Rather, the focus should be on what the effect, if any, such would have on Debtor's treatment of Creditor's claims.

The Court therefore grants Debtor's Motion to the extent indicated. Other objections to Debtor's Motion raised by Creditor and by the Chapter 13 Trustee, as well as any other issues incident to the loan modification, to the extent still relevant or at issue, can be raised at the adjourned hearing. The Court will delay entry of an order effectuating this Opinion pending resolution of those other issues.

**Signed on November 05, 2015**

                                              /s/ Walter Shapero
                                        Walter Shapero
                                        United States Bankruptcy Judge